CV 09 4198

## UNITES STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

_____ X

John Hearn individually and on
behalf of all others similarly
situated

**Plaintiffs**

-against-

(5 T)

**Defendants**

ACB American, Inc.

_____

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y

★   SEP 29 2009   ★

Docket No.
LONG ISLAND OFFICE

**COMPLAINT AND DEMAND FOR
JURY TRIAL**

**Unlawful Debt Collection Practices**

**TRIAL BY JURY DEMANDED**

# BIANCO, J.

# WALL, M.J.

## I. CLASS ACTION COMPLAINT

Plaintiff, JOHN HEARN, individually and on behalf of all others similarly

situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. Section

1692, et seq. ("FDCPA"), for a declaration that scripted telephone messages that the

Defendant uses to collect consumer debts violates the FDCPA, and to recover damages by

reason of Defendant's violations of the Fair Debt Collections Practices Act, (15 USC 1692

et seq). (hereinafter FDCPA), and alleges:

## II. JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d), 28 U.S.C

Section 1337. Venue in this District is proper in that the Defendants transact business here

and the conduct complained of occurred here.

## III. PARTIES

2. Plaintiff, JOHN HEARN, is a citizen of the State of New York, residing in the Eastern District of New York, from whom Defendant attempted to collect a consumer debt allegedly owed to            .

3. Defendant ACB American, Inc. is a foreign corporation not authorized to do business in New York State. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

4. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

5. The alleged debt Defendant sought to collect from Plaintiff is a consumer debt, as defined by §1692a(5) of the FDCPA, in that it was originally incurred for personal, family or household purposes.

## IV. FACTUAL ALLEGATIONS

6. At all times herein relevant, Plaintiff was and is a "consumer" as defined by 15 USC 1692a(3).

7. At all times herein relevant, Defendant was and is a "debt collector" as that term is defined by 15 USC 1692a(6).

8. Within one year preceding the date of the filing of the complaint in this action, Defendant placed numerous telephone calls to the Plaintiff and left numerous messages on the voice mail of the Plaintiff's.

9. The Defendant left constant persistent messages on the telephone voice mail of the Plaintiff.

10. None of the messages left by the Defendant on the voice mail of the Plaintiff included the notices required by 15 USC 1692e(11).

11. None of the messages left by the Defendant meaningfully identified the Defendant.

12. The Defendants used an automated machine to leave the following message on the Plaintiffs voice mail:

*Please have John Hearn call our office during business hours for a message concerning important personal business. The telephone number is 800-237-9325 Again the number is 800-237-9325. Whoever returns this call should refer to reference number GX8337. Again the reference number is GX8337.  If you are John Hearn, press one on your telephone to receive the message. Thanks for delivering the message.  It is important. Goodbye. To repeat this message, press the star key.*

13. The Defendant left several messages for the Plaintiff that were substantially similar to the message above.

14. The messages left by the Defendant on Plaintiff's voice mail did not give the notice required by 15 USC 1692e(11).

15. The messages left by the Defendant on Plaintiff's voice mail were deceptive in that the messages attempted to deceptively induce the Plaintiff into returning the call.

16. The Plaintiff listened to the messages left by the Defendant.

17. The Defendant and/or its agents placed telephone phone calls and left messages on the voice mail of other New York consumers within one year preceding the filing of this complaint, said messages were materially identical to automated messages left for the Plaintiff.

## V. VIOLATIONS OF THE FDCPA

18. The actions of the Defendant as described above violate 15 USC 1692 e; 15 USC 1692 e(10);  15 USC 1692 e(11); 15 USC 1692 d;  15 USC 1692d(5) and 15 USC 1692 d(6).

## VI. CLASS ALLEGATIONS

19.      Plaintiff brings the following class pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) individually and on behalf of all persons in the State of New York to whom defendant placed a telephone call and left a message substantially similar or materially identical to those left by Defendant on Plaintiff's voice mail as identified above during the one year period immediately preceding the filing of this action.

20.      The claims asserted in this case satisfy the requirements of Rule 23(a) because:

   (A)    The members of the class are so numerous that joinder of all
          members is impractical.

   (B)    There are questions of law and fact common to the Class and these
          questions predominate over any questions affecting only individual
          Class members.

   (C)    The only individual issue is the identification of the consumers who

received the calls (*i.e.,* the Class members), a matter capable of ministerial determination from the Defendant's records.

(D)     The Plaintiff's claims are typical of those of the Class members. All are based on the same facts and legal theories.

(E)     Plaintiff will fairly and adequately represent the Class members' interests. Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. Plaintiffs' interests are consistent with those of the Class members.

21.     Class action treatment is appropriate under Rule 23(b)(3) because questions of fact or law common to the members of the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the Class members' claims.

22.     Congress specifically envisions class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. §1692k.

23.     The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

24.     Prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications, resulting in the establishment of inconsistent or varying standards for the parties, and would not be in the interest of judicial economy.

25.     If the facts are discovered to be appropriate, Plaintiffs will seek to certify the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

**WHEREFORE,** Plaintiffs asks that this Court enter judgment in his favor and on behalf of the Class, against Defendant as follows:

(A)     Certify the proposed the Class under Rule 23 of the Federal Rules of Civil Procedure and appoint Plaintiff and her counsel to represent the Class;

(B)     Statutory damages as provided by §1692k of the FDCPA;

(C)     Attorney's fees, litigation expenses and costs incurred in bringing this
        action;

(D)     Any other relief this Court deems appropriate and just under the
        circumstances.


## DEMAND FOR JURY TRIAL

Please take notice that Plaintiffs demand trial by jury in this action.


Dated:          **West Islip, NY**
                **September 28, 2009**

                                        **Respectfully submitted,**


                                        _____
                                        **Joseph Mauro (JM: 8295)**
                                        **306 McCall Ave.**
                                        **West Islip, NY 11795**
                                        **631-669-0921**